IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 14 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**CHANDRA CARTER, Individually and on
Behalf of All Others Similarly Situated**                                        **PLAINTIFF**

vs.                                    Case No. 4:17-cv-__459 SWW__

**PATHFINDER, INC.**                                                             **DEFENDANT**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Deere_

## ORIGINAL COLLECTIVE ACTION COMPLAINT
## AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Chandra Carter, individually and on behalf of all other similarly situated current and former employees of Defendant Pathfinder, Inc. ("Defendant"), by and through her attorneys Steve Rauls and Josh Sanford, and she[1] brings this putative collective action, and in support thereof she does hereby state and allege as follows:

### I.
### OVERVIEW

1.    Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation under § 216(b) of the FLSA. They bring these claims as a collective action on behalf of themselves and all current or former home healthcare workers employed by Defendant from January 1, 2015, to the present.

---

[1]    Ms. Carter is referred to in the plural, mostly, in that the allegations of the violations that she suffered are the same for the classes described herein. Unless otherwise noted, 'Plaintiffs' means Ms. Carter and the class members.

2. The proposed Rule 23 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

3. Plaintiffs, in addition the federal claims identified above, bring this action under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

## II.
## THE PARTIES

### A. Plaintiff

4. Plaintiff Chandra Carter is a citizen of the United States, domiciled in the City of North Little Rock, State of Arkansas, and was employed by Defendant in Arkansas between December 2014 and April 2015, as a home healthcare worker who provided companionship services.

5. Plaintiff's hours varied from week to week but she regularly worked more than 40 hours a week, including some weeks in which she worked in excess of 80 hours.

6. Despite her overtime work, she was not properly compensated for all overtime hours worked in excess of 40 hours per week. Plaintiff has filed or will file a written consent to sue.

7. Plaintiff brings this action on behalf of herself and all other similarly

situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as home healthcare workers since January 1, 2015. As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

8. The precise size of the FLSA Collective and the identity of the putative plaintiffs will be ascertainable from the business records of Defendant and its related and affiliated entities.

**B. Defendant**

9. Defendant Pathfinder, Inc., is an Arkansas corporation with its principal place of business located in Jacksonville.

10. Defendant's registered agent for service of process is Mike McCreight, 2520 W. Main Street, Jacksonville, Arkansas 72076.

11. Defendant is, and has been, an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

12. Plaintiffs, and all those similarly situated, are "employees" of Defendant engaged in commerce or in the production of goods or services for commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1).

13. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiffs and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     This claim is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and is a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' claims arise under § 207(a) of the FLSA.

### III.
### JURISDICTION AND VENUE

15.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

16.     This Complaint also alleges violations of the AMWA, which alleged violations arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

17.     This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

18.     Venue is proper in this Court as a substantial part of the events giving rise the claims occurred in the Western Division of this District.

### IV.
### FACTS

19.     Defendant employed Plaintiff and similarly situated persons as home healthcare workers who provided companionship services for the elderly, ill and/or disabled.

20.     Plaintiffs' hours varied from week to week, but Defendant suffered and permitted them to regularly work more than 40 hours a week, including some weeks in which they worked up to and including 80 or more hours in a workweek.

21. Plaintiff Carter worked for Defendant as a home healthcare worker starting before January 1, 2015, and ending in or around April of 2015.

22. Defendant paid Carter and other home healthcare workers by the hour.

23. In or around December of 2014, Defendant installed one of its disabled clients in Carter's home and required Carter to be responsible for the client 24 hours per day.

24. Even though Defendant knew that its client required around-the-clock care, Defendant instructed Carter to report 40 hours per workweek or fewer on her timesheets.

25. Defendant knew that Carter and similarly situated home healthcare workers worked well over 40 hours per week, but chose to pay the workers for only 40 hours per week to avoid the expense of overtime.

26. In many workweeks, Carter and similarly situated home healthcare workers worked so many hours in excess of 40 that their effective hourly wage was below the federal minimum wage of $7.25 per hour.

27. Neither Carter nor the members of the FLSA Collective were compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty hours a week for all weeks worked. Rather than paying them 1.5 times their regular rate of pay for all hours worked over 40 in a workweek, Defendant paid them an hourly rate for no more than forty 40 hours per week, no matter how many hours Plaintiffs worked.

# V.
# CLASS ACTION ALLEGATIONS

28.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

29.   Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, bring this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.   Plaintiffs propose to represent a class of individuals defined as follows:

**All home healthcare workers (sometimes called "Supportive Living" workers) employed by Defendant and/or any of its affiliated entities since January 1, 2015 (the "AMWA Class").**

31.   The proposed class encompasses all home healthcare workers for Defendant.

32.   Upon information and belief, there are more than one hundred (100) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

33.   Common questions of law and fact relate to all of the proposed class members, such as these:

- a.   Whether Plaintiffs and the class members were properly paid for their work;
- b.   Whether Defendant's policies required Plaintiffs and the members of the class to work in excess of forty hours in any workweek;
- c.   Whether Defendant has failed to pay Plaintiffs and members of the Class overtime compensation for all of the hours worked over forty (40) each week; and
- d.   Whether Defendant is liable to Plaintiffs and members of the Class for violations of the AMWA.

34. The above common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

35. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

36. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiffs' counsel knows of litigation that bears on the claims asserted herein.

37. No difficulties are likely to be encountered in the management of this class action.

38. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs and all others in the proposed class will claim that they were not paid for all hours worked in violation of the AMWA.

39. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

40. Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

42. Plaintiffs file this action on behalf of themselves and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

**All home healthcare workers (sometimes called "Supportive Living" workers) employed by Defendant and/or any of its affiliated entities since January 1, 2015.**

43. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

44. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves and also contains an exemption for live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

45. In October of 2013, the United States Department of Labor explained that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

46. Beginning on January 1, 2015, the regulations provide that domestic workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a).

47. As of January 1, 2015, all domestic workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over 40 in a work week.

48. Since January 1, 2015, Plaintiffs and the FLSA Collective have routinely worked in excess of 40 hours per workweek without receiving proper overtime compensation for their overtime hours worked.

49. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic workers, like Plaintiffs and the FLSA Collective, overtime as required by law.

50. Despite the Department of Labor's positon that domestic workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements, Defendant maintained its practice of failing to pay the proper overtime compensation to Plaintiffs and the FLSA Collective.

51. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the FLSA Collective proper overtime compensation for all hours worked over 40.

## VII.
## COUNT ONE:
## FAIR LABOR STANDARDS ACT

52. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 40 hours per workweek.

54. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than 40 hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

55. The preceding violation harmed Ms. Carter individually, and it also harmed the proposed class.

56. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

57. Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective to suffer loss of wages and interest thereon.

58. Plaintiffs and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## VIII.
## COUNT TWO:
## ARKANSAS MINIMUM WAGE ACT

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

61. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

62.   Defendant, at all times relevant hereto, classified Plaintiffs and the members of the proposed class as exempt from the overtime requirements of the AMWA.

63.   Defendant required Plaintiffs to work in excess of forty (40) hours each week but failed to pay Plaintiffs overtime compensation for the hours in excess for forty (40) worked each week.

64.   Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

65.   Defendant required Plaintiffs to work so many hours that their effective hourly rates were below the minimum wage provided by the AMWA.

66.   The preceding violations harmed Ms. Carter individually, and they also harmed the proposed class.

67.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.
## RELIEF SOUGHT

**WHEREFORE**, premises considered, Plaintiff Chandra Carter prays that Defendant be summoned to appear and answer herein and for judgment against Defendant as follows:

a. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b. Judgment that Plaintiffs and those similarly situated are entitled to the overtime protections under the FLSA;

c. Judgment against Defendant for violation of the overtime provisions of the FLSA;

d. Judgment that Defendant's violations of the FLSA were willful;

e. An award to Plaintiffs and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

f. An award of prejudgment interest (to the extent liquidated damages are not awarded);

g. An award of reasonable attorneys' fees and costs;

h. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court;

i. Certification of a class of AMWA claimants pursuant to Rule 23 of the FRCP;

j. Judgment for unpaid wages, all as set forth above, for damages accrued under the AMWA; and

k. For such further relief as may be necessary and appropriate.

Respectfully submitted,

**PLAINTIFF CHANDRA CARTER, et al.**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com