IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHANDRA CARTER, individually and
on behalf of others similarly situated**                                                    **PLAINTIFFS**

V.                                              4:17-CV-00459-JM

**PATHFINDER, INC.**                                                                           **DEFENDANT**

## ORDER

On August 6, 2021, the Court directed the parties to provide all correspondence regarding settlement so that the Court can ensure that fees and liability were negotiated separately. Additional documents, specifically emails threads, were submitted a few weeks later.

Based on a review of the documents, the Court finds that liability damages and fees were negotiated separately. Proof of this is:

- Early on, Plaintiffs' counsel, the Sanford Law Firm (SLF) noted "This demand does not include attorney's fees, since several courts in this district now require fees to be negotiated separately in FLSA cases.[1]

- Other than this comment, there was no discussion of fees until the senior lawyer chimed in about "tak[ing] a stab at fees and costs today," twenty minutes after liability was resolved.[2]

This is the way it is supposed to be done.

However, the Court is troubled by SLF's continued improper practices when negotiating fees. SLF claimed its fees were "just a hair under $30k" and demanded $29,500."[3] However,

---

[1] To be clear, it is not "court in this district that require fees and costs be negotiated separately. Rather, it is the Eighth Circuit that requires this. See *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) (holding that the parties must "negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim . . . .").

[2] Doc. No. 59-1.

[3] *Id*.

1

SLF's fees records show a total $2,761.50 less than the claimed $30,000. That's more than "just a hair." Additionally, this total is at rates that have repeatedly been rejected by this Court. It's more likely that the total was (or should have been) no more than $21,000, and that is before the removal of the excess billing that tends to show up in these fee petitions.

Receiving no response to its demand, on November 11, 2020, SLF emailed opposing counsel, and the back-and-forth on fees proceeded as follows:

| Nov. 11, 2020 | Defendant offers | $10,500 |
| Nov. 12, 2020 | Plaintiffs counter | $27,500 |
| Nov. 18, 2020 | Defendant counters | $13,500 |
| Nov. 19, 2020 | Plaintiffs counter | $26,000 |
| Nov. 23, 2020 | Defendant counters | $15,000[4] |

With the $15,000 counter, Defendant's counsel advised that this was all the authority it had, and "it looks like we'll need the Court to ultimately decide."[5] SLF responded, "Do you want to try to do a last chance / final? We can make a larger move if you are not truly at your final number."[6] Defendant requested a final demand, and SLF made a "giant leap down to $18,300 . . . ."[7] Defendant accepted.

Despite repeated rulings criticizing this practice, SLF continues to demand fees it has not earned or expected to be earned. As has been noted before, "FLSA cases are not conduits for

---

[4] Doc. No. 59-2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

funneling unearned fees into lawyers' pockets."[8]  In fact, Comment 4 to Rule 1.5 of the Arkansas Rule of Professional Conduct provides that a lawyer "is obliged to return any unearned portion" of a fee.  The Court again notes that "it seems inappropriate for SLF to demand fees from the opposing party that it did not earn."[9]  Based on the documents, SLF continues the practice of shooting-for-the-moon on fees demands, and ultimately getting opposing counsel to agree to fees that were not earned.  The Court has attempted to make clear that this is inappropriate.  However, opposing parties continue to fall victim to the practice in order to avoid incurring even more fees.

Because fees and costs were negotiated separately and Defendant ultimately agreed to pay Plaintiff $18,300 in attorneys' fees (whether earned or not), the Joint Motion to Approve Settlement (Doc. No. 53) is GRANTED.

IT IS SO ORDERED this 21st day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[8] *Vines v. Wellspun Pipes, Inc. et al.*, No. 4:18-CV-000509-BRW, 2020 WL 3062384, at *9 (reversed on other grounds).

[9] *Burton v. Nilkanth Pizza, Inc.*, No. 2020 WL 4939470, at *5 (E.D. Ark. Aug. 24, 2020).